FERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* TORRES ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito de intervención (tercería),

No. 1456.—Resuelto en julio 13, 1916.

DEMANDA DE INTERVENCIÓN—INTERVENCIÓN—PERMISO DE LA CORTE—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—Las demandas de intervención a que hace referencia el artículo 72 del Código de Enjuiciamiento Civil deberán ser presentadas con permiso de la corte, por lo que tal limitación al derecho de intervenir presupone cierta facultad discrecional por parte de la corte para conceder o no el permiso que se solicite, y cuando no aparece que abusara de esa discreción, su resolución deberá ser sostenida.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José I. Fernández.*

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante José I. Fernández Segarra presentó una demanda de intervención en un pleito que sigue Margarita Torres contra Guillermo Arbona sobre declaratoria de sociedad civil y otros extremos cuando estaba pendiente de la celebración del juicio, y habiéndole negado el juez permiso para intervenir por entender que no tiene en el pleito el verdadero interés que le diera derecho de intervención, a su instancia y de acuerdo con esa resolución fué registrada sentencia contra la cual interpuso este recurso.

La única parte que ha comparecido ante nosotros ha sido la apelante quien sólo argumentó por escrito y muy ligeramente.

Los hechos consignados en la demanda son sustancialmente los siguientes: que el apelante como abogado de Margarita Torres inició ese pleito como consecuencia de un poder que ella le confirió por sí y por sus hijos menores de edad para que practicara cuantas diligencias fueren necesarias para reclamar sus derechos en una sociedad natural civil que tuvo con Guillermo Arbona, con reclamación del capital que le entregó, y también el derecho de sus hijos a ser reconocidos, si no lo estuvieren, por su padre natural o ilegítimo Arbona y para pedir mayor cantidad de la que les pasa por alimentos, todo mediante la compensación de 45 por ciento de lo que obtuviera en bienes o en dinero; que después de iniciado el pleito, prescindiendo su cliente del demandante llegó a una transacción con Arbona mediante la cual recibiría una cantidad muy inferior a otra que no quiso aceptar el demandante; que rotas sus relaciones con su cliente trata éste de burlar sus derechos por la *cuota litis* convenida por lo que la ha demandado por incumplimiento del contrato entre ellos celebrado; que a pesar de la trans-

acción el abogado de Guillermo Arbona ha pedido el señalamiento de día para juicio y que tiene interés en que triunfe la demanda de Margarita Torres y que obtenga el mayor beneficio posible porque en el montante de éste le corresponde la remuneración convenida.

El artículo 72 del Código de Enjuiciamiento Civil dice que cualquiera persona podrá intervenir en una acción o procedimiento si tuviere interés en el asunto en litigio, en el exito de cualquiera de las partes o algún derecho en contra de ambas; intervención que se efectúa por medio de demanda exponiendo en ella los motivos en que se funde, presentada con permiso de la corte.

En el caso de *Smith* v. *Sale,* 144 U. S. 520, declaró el Tribunal Supremo de los Estados Unidos considerando un precepto igual a nuestro artículo 72, que no estaban dispuestos a resolver que la corte inferior no podría haber permitido la demanda de intervención, pero que como tal demanda debe ser presentada *con permiso de la corte* esto es una limitación al derecho de intervenir que presupone cierta facultad discrecional por parte de la corte. La resolución negando el permiso fué sostenida.

En el caso presente el tribunal inferior negó el permiso al apelante para intervenir, y no creemos que abusara de su discreción porque aunque quizás el interventor tenga interés en el éxito de la acción de la demandante, pudiendo surgir cuestión acerca de si puede impedir una transacción de su cliente y otras que se nos ocurren y que no queremos ni debemos suscitar ahora, preferimos confirmar la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.